IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACQUELINE LEILANI LUBITZ, Individually, | ) | |
| And in Her Capacities as Surviving Spouse of | ) | |
| Scott A. Lubitz, and as Administratrix of the Estate of | ) | |
| Scott A. Lubitz, Deceased, and as Guardian Ad Litem | ) | |
| And Next Friend of her minor children, W.A.L., | ) | |
| K.A.L., and M.A.L. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| NU PHAZE BAR & GRILL, INC., a Delaware | ) | |
| Corporation, d/b/a NU PHAZE CLUB and | ) | |
| NU PHAZE SOCIAL CLUB, | ) | |
| | ) | |
| Defendants. | ) | TRIAL BY JURY DEMANDED |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
DIRECTED TO DEFENDANTS

I.     **DEFINITIONS**

Please note that the following definitions and instructions shall apply and shall be considered an integral part of these interrogatories.

A.     The words "you" or "your" when used herein refer to the defendants and defendants' agents, servants, and employees.

B.     "Identify" shall mean, when used in reference to:

1.     A natural person, to state the person's:

(a)     Full name and title;

(b)     Present or last-known place of business and residential addresses;

(c)     Present or last-known position, business affiliation, and job description; and

(d)     Position, business affiliation, and job description at the time in question with respect to the interrogatory or other request involved.

2.     A document, to state the following with respect to the document:

(a)    Its description;

(b)    Its title, date, and number of pages;

(c)    Its subject matter;

(d)    The name, address, and position of the author(s) or signer(s) thereof;

(e)    The name, address, and position of the addressee(s);

(f)    the name, address and position of each person who received a copy of the documents;

(g)    Its present location and the name, address, and position of the person having present possession, custody and/or control thereof.

3.    An oral communication, to state the following with respect fo the communication:

(a)    The date and place where it occurred; as made.

(b)    Its substance;

(c)    The name, address, and position of the person who made the communication;

(d)    The name, address, and position of each person to whom such communication was made.

## II.  **INSTRUCTIONS**

A.    In answering these interrogatories you are required to furnish all information which is available to you, including that which has been obtained by and that which is now in the possession of your attorneys, employees, agents, and other representatives, and not merely the information known by the individual or individuals preparing the response.

B.    Insert your answers in the space provided, attaching additional pages as required for full and complete answers, identifying the interrogatory being answered.

C.    These interrogatories shall be deemed to be continuing, which imparts an affirmative duty upon you to reasonably supplement or amend a prior response in the event of additional information.  The supplemental answers are to be submitted under oath if you obtain additional or further information pertaining to any interrogatory subsequent to the time an answer to that interrogatory is served.

D.    If you are unable to answer any of the following interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state, and in addition, answer the remainder, and state whatever information or knowledge you may have concerning the unanswered portions thereof.

E.    If you file an objection to any of the interrogatories propounded herein, you are nevertheless required to answer within the aforesaid thirty (30)-day period the interrogatories not objected to.

2

F.      Whenever any interrogatory calls for the identity of a document or communication as to which you claim privilege, include in the identification of such document or communication the fact of such claim of privilege and the basis asserted for such claim.

## **INTERROGATORIES**

1.      Give the names and last known addresses of all persons who witnessed the incident alleged in the complaint and who have knowledge of the facts concerning how the incident alleged in the complaint occurred, and who have knowledge of the facts alleged in the pleadings.

**ANSWER**:

2.      With reference to any report, memorandum, or resume prepared by you or anyone acting on your behalf but not necessarily limited to any investigator, insurance adjuster or other person, pertaining to any of the facts alleged or mentioned in the pleadings, give the date of each such matter in writing and as to each date given, state the name and address of the person or persons who prepared such writing and the name, address and identity of the employer of such person or persons, whether such writing was prepared by you or on your behalf, the number of pages of such writing, a general description of such matter in writing (as, for instance, two-page typed summary of an interview between investigator Jones and witness Smith dated January 1, 1966, or, five-page report by investigator Smith concerning the results of his investigation of the facts of the accident, etc.), whether such writing was prepared under the supervision of or pursuant to the instructions of your attorney, and, if so, the name and address of that attorney and the names and addresses of persons who have copies of such matters in writing.

3

**ANSWER**:

3.    Give the names and last known addresses of all persons who have taken photographs or prepared sketches or drawings in regard to any issue in this litigation, and as to each person named, state the date when the photograph was taken or the drawing or sketch prepared, the subject of each photograph, sketch or drawing and give a general description of it, and the name and address of each person having custody of such photograph, drawing or sketch.

**ANSWER**:

4.    With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

**ANSWER**:

5.    State whether, at the time of the incident in question or anytime thereafter, you, your attorney, or any other representative, had any conversations with or made any statements to any parties or witnesses, or did any of the parties or witnesses make any statements or have any conversation with you, your attorney or any other representative, and, if so, as to each such statement or conversation, state the name and address of each person involved in any

4

such conversation, the context of each such conversation or statement, when and where they took place (setting for the exact date, place and time, if possible) the name, address and job classification of the persons in whose presence said conversations or statements took place, the name, address and job classification of the person in whose custody any statement or taped conversation is at the present time, and whether the conversations or statements were taped, typed, written, or otherwise transcribed.

      **ANSWER**:

      6.    In connection with the incident in question, did you give any statements to, or were you interviewed by anyone, and, if so, state the date, time and place of said statement or interview, the details of said statement or interview, the name, address, and job classification of the interviewer, whether the statement or interview was written, recorded, taped, or transcribed, whether the statement or interview (written, recorded, taped, or transcribed) was signed or adopted by the plaintiffs, and the name, address, and job classification of the person in whose custody the statement or interview (tape, transcript, recording, etc.) is at the present time.

      **ANSWER**:

      7.    State whether any plans, drawings, blueprints, sketches and/or diagrams exist or were made of the area of the incident, and if so, state in detail the subject matter of each such plan, drawing, blueprint, sketch, or diagram, the date when each was made, the name, address, and job classification of the person in whose custody each is at the present time, and the

        

name, address, and job classification of the person preparing said plan, drawing, blueprint, sketch, or diagram.

**ANSWER**:


8.     Identify all of your employees at the time of the incident, along with their job title, date of birth, hire date, and last known address and telephone numbers.

**ANSWER**:

9.     State the names and addresses of all property owners, lessees, franchisees, vendors, contractors, and management companies involved with the relevant area for six months prior to the incident, including, but not limited to, security providers.

**ANSWER**:


10.     Identify any written agreements or contracts between any parties regarding security in the parking lot area and the location of said documents.

**ANSWER**:


11.     Describe the type and number of any electronic security surveillance systems in the parking area (i.e., closed circuit video, audio monitoring, access controls, intrusion detectors, etc) in use on the date of the incident.

**ANSWER**:

6

12.    At the time of the incident in question, were there in effect one or more policies of insurance by or through which you are or were insured in any manner or to any extent, with primary or excess coverage, with respect to the claims, causes of action, injuries, damages, etc., as set forth in the Complaint, and if so, state in detail the total number of policies, the name of the company issuing each policy, the policy number of each policy, the complete wording of all named insureds on each such policy, the limits of bodily injury, products liability, or public liability coverage of each such policy, and whether this suit is being defended under a "non-waiver agreement" or a 'reservation of rights."

7

**ANSWER**:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Ben T. Castle
Timothy E. Lengkeek
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6605

Dated: 7/11/06

Attorneys for Plaintiffs

8