IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACQUELINE LEILANI LUBITZ, Individually, and in her capacities as surviving spouse of Scott A. Lubitz, and as Administratrix of the Estate of Scott A. Lubitz, Deceased, and as Guardian Ad Litem and Next friend of her minor children, WADE ALLAN LUBITZ, KARA ANDREA LUBITZ, and MYLES ANDREW LUBITZ,<br><br>      Plaintiffs,<br>v.<br><br>NU PHAZE BAR & GRILL, INC., a Delaware Corporation, d/b/a NU PHAZE CLUB and NU PHAZE SOCIAL CLUB,<br><br>      Defendants. | C. A. No.: 06-0210 KAJ<br><br><br><br><br><br><br><br><br><br><br><br>TRIAL BY JURY OF<br>TWELVE DEMANDED |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
<u>MOTION TO AMEND COMPLAINT</u>**

     In opposition to Plaintiffs' Motion to Amend the Complaint, Defendants rely upon the following:

     1.     Plaintiffs' proposed amended complaint seeks to add Monroe E. Brittingham, Jr., individually as a defendant, indicating in proposed paragraph three that Mr. Brittingham "was the principal owner and operator of defendant Nu Phaze."

     2.     Although Plaintiffs' proposed amended pleading offers no incite into the rationale for personal liability on the "owner and operator" of Nu Phaze, Plaintiffs' Motion for Leave to Amend asserts that in an October 16, 2006 deposition, Mr. Brittingham admitted to having prior knowledge of Jerrin Wright's (the man who shot and killed Scott A. Lubitz) reputation for carrying a firearm and failure to effectively bar Mr. Wright from Nu Phaze.

1

3.      Mr. Brittingham is the President, Treasurer, and 51% shareholder of Nu Phaze Bar & Grill, Inc., a Delaware corporation.  Plaintiffs suggest nothing in their motion to support personal liability on corporate officers or shareholders.

4.      Plaintiffs' rely exclusively upon <u>Jardell Company v. Hughes</u>, 523 A.2d 518 (Del. 1987) and <u>Furek v. University of Delaware</u>, 594 A.2d 506 (Del. 1991) in asserting that Mr. Brittingham, as owner, President, and manager on duty, had a duty to protect invitees from an alleged known danger.

5.      Furek does not appear to be on point as it does not relate to the duty that can be voluntarily assumed by business' to their invitees.  Although, <u>Jardell</u> discusses the application of a business' possible voluntary assumption of a duty to protect its patrons from the foreseeable acts of third parties (Restatement (Second) of Torts § 344), the court did not consider the personal liability of a business entity's employees, officers, directors, or shareholders.

6.      Fed. R. Civ. Proc. 15(a) provides that leave to amend shall be freely given when justice so requires.  It is within this Court's discretion to deny Plaintiffs motion should it determine that the proposed amendment is futile.  <u>See</u>, <u>State Res. Corp. v. Architectural Team, Inc.</u>, 433 F.3d 73 (1st Cir. 2005).

7.      The continued applicability of Restatement (Second) Torts, § 344 to business owners in this State will not be placed at issue in this motion.  Rather, this doctrine of a voluntarily assumed duty does not attach to employees of the business.  Thus, Plaintiffs have pled no grounds for personal liability, founded in negligence or otherwise, on the part of Mr. Brittingham as "manager on duty" on the night in question.

8.      The Supreme Court of Delaware has opined that the corporate veil can be pierced, "in the interest of justice, when matters such as fraud, contravention of law or contract, public

wrong, or where equitable consideration among members of the corporation require it, are involved." <u>Pauley Petroleum, Inc. v. Continental Oil Co.</u>, 239 A.2d 450, 633 (Del. Ch. 1967).

9. Although Delaware Courts have not adopted the alter ego theory of piercing the corporate veil, this Court has applied that theory. <u>See</u> <u>United States v. Golden Acres, Inc.</u>, 702 F. Supp. 1097, 1104 (D. Del. 1988). This analysis requires the court to consider myriad factors including, <u>inter</u> <u>alia</u>, capitalization and the payment of dividends. <u>See</u> <u>Id</u>. Plaintiff, however, has not pled facts indicating reliance upon the alter ego theory. To the contrary, Plaintiff asserts facts (found only in the Motion for Leave to Amend, not the proposed amended pleading itself) to support a theory of negligence against the corporate business owner under <u>Jardell</u>.

10. For these reasons, the current state of the law in Delaware under the factual allegations pled and asserted in the Motion for Leave to Amend does not provide for personal liability against Mr. Brittingham. As a result, Plaintiffs' proposed amended complaint, asserting personal liability against Mr. Brittingham, is futile and should not be permitted.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion for Leave to Amend the Complaint.

    Respectfully submitted:

    SWARTZ CAMPBELL LLC

    <u>/s/ Nicholas E. Skiles, Esquire</u>
    Nicholas E. Skiles, Esquire (DE Bar ID # 3777)
    Neil R. Lapinski, Esquire (DE Bar ID # 3645)
    300 Delaware Avenue, Suite 1130
    P.O. Box 330
    Wilmington, DE 19899
    (302) 656-5935
    Attorneys for Defendants

Dated: January 4, 2007