IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACQUELINE LEILANI LUBITZ, Individually, and in Her Capacities as Surviving Spouse of Scott A. Lubitz, and as Administratrix of the Estate of Scott A. Lubitz, Deceased, and as Guardian Ad Litem and Next Friend of her minor children, W.A.L., K.A.L., and M.A.L., <br><br> Plaintiffs, <br><br> v. <br><br> NU PHAZE BAR & GRILL, INC., a Delaware Corporation, d/b/a NU PHAZE CLUB and NU PHAZE SOCIAL CLUB, <br><br> Defendants. | C.A. No. 06-210 *** |

## PETITION FOR APPOINTMENT OF GUARDIAN AND APPROVAL OF MINORS' PERSONAL INJURY SETTLEMENT[1]

To: The Honorable Mary Pat Thynge

Petitioner, Jacqueline Leilani Lubitz ("Petitioner") hereby moves this Court pursuant to Fed. R. Civ. P. 17(c) to appoint her guardian with the authority to settle the claims of Wade Allen Lubitz, Kara Andrea Lubitz, and Miles Andrew Lubitz. In support of this Motion, Petitioner respectfully represents as follows:

     1.    Petitioner is the natural mother of Wade Allen Lubitz, born September 16, 1992; Kara Andrea Lubitz, born December 18, 1994; and Miles Andrew Lubitz, born February 12, 1998. The minor children reside with Petitioner at 12213 Barnicole, San Diego, California, 92129.

     2.    None of the minors owns real estate or personal property.

---

[1] Attached is a Motion and Order signed by The Honorable Joseph J. Farnan, Jr., authorizing a similar settlement in 1997.

3. The minors suffered the wrongful death of their natural father, Scott A. Lubtiz, an innocent bystander who was shot and killed outside of Defendant Nu Phaze Bar & Grill, Inc.'s club on July 24, 2005.

4. As a result of the shooting, the minors claimed damages arising from the wrongful death of their father against the Defendants.

5. A Complaint was filed on March 30, 2006. On February 1, 2007, the parties reached a settlement which called for the Defendants to pay a lump sum of $1 million to settle all claims of the Plaintiffs, which include each of the minors' claims for the wrongful death of their father, the Petitioner's claim as Administratrix of the Estate of Scott A. Lubitz, and the Petitioner's claim for the wrongful death of her husband. This amount represents the policy limits of an insurance policy purchased by the Defendants.

6. The Petitioner respectfully requests that the Court approve a settlement and distribution to each of the minors of $100,000.00, to be invested on each of the minors' behalf as more fully set forth in the proposed Order.

7. The balance of the lump sum settlement, $700,000.00, shall be distributed to the Petitioner in settlement of the remaining claims. The amounts due for attorneys' fees and for reimbursement of costs and expenses will be paid by Petitioner from the amounts distributed to her.

8. In consideration for the settlement, the minors, by and through the Petitioner, will be required to execute a general releases in favor of the Defendants.

9. Petitioner consents to the appointment of the Clerk of the United States District Court for the District of Delaware as her agent for acceptance of service of process if by reason of her absence from the State she cannot be served.

WHEREFORE, the Petitioner respectfully requests that the Court Order the following:

(a) that the Court appoint her as guardian of the minors and that on their behalf, she be authorized to execute general releases for the above-described settlement;

(b) that the Court permit the Petitioner to authorize her attorney, Timothy E. Lengkeek, Esquire, to sign a Stipulation of Dismissal with prejudice terminating the litigation;

(c) that the Petitioner be empowered to accept, on behalf of the minors, lump sum settlements of $100,000.00 each, with no deduction for attorneys' fees, costs or expenses;

(d) that the Court authorize the Petitioner to deposit the lump sum settlements of $100,000.00 in a structured settlement account for each of the minors with Financial Settlement Services.[2]

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Ben T. Castle (520)
Timothy E. Lengkeek (4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6605
Attorneys for Plaintiffs

---

[2] Attached are proposals by Financial Settlement Services.

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRLEY LEON, Administratrix of the Estate of DANIEL LEON, SHIRLEY LEON, individually, and as next friend of RENA LEON,<br><br>Plaintiffs,<br><br>v.<br><br>CALVIN VANCE and SENN FREIGHT LINES, INC.,<br><br>Defendants. | C. A. No. 96-119-JJF |

MOTION FOR THE APPOINTMENT OF GUARDIAN
AND AUTHORITY TO SETTLE A CLAIM

TO: The Honorable Joseph J. Farnan

Shirley Leon hereby moves the Court, pursuant to F.R.C.P. 17(c), to appoint her guardian with authority to settle the claim of Rena Leon and to administer the guardianship funds for Rena Leon. In support of this motion, Shirley Leon respectfully represents:

1. Rena Leon (hereinafter referred to as "the minor") was born on July 15, 1980. She is now 16 years of age and is the natural born daughter of Shirley Leon and Daniel Leon, deceased.

2. Both Shirley Leon and the minor are residents of the Commonwealth of Pennsylvania, currently residing at 401-D West South Street, Kennett Square, Pennsylvania 19348.

3. The minor owns no real estate or personal property.

4. The minor suffered the wrongful death of her natural father, Daniel Leon, when he was involved in a motor vehicle accident on northbound Route 13 at its intersection with Rogers Road in New Castle County, Delaware. Mr. Leon's vehicle collided

with a tractor/trailer crossing Route 13 and being operated by Calvin Vance in the scope of his employment with Senn Freight Lines.

5. As a result of the accident, the minor claimed damages arising from the wrongful death of her father and against the Defendants Calvin Vance and Senn Freight Lines.

6. The Complaint was filed on February 9, 1996, an Answer on behalf of both Defendants was filed on May 1, 1996 and an Amended Answer was filed on August 1, 1996. Trial commenced on November 12, 1996 before The Honorable Joseph J. Farnan. On November 15, 1996, while the jury was deliberating, the parties reached a settlement and so informed the Court on that date.

7. The settlement reached on November 15, 1996 calls for the Defendants to pay a lump sum settlement of $1,000,000.00 for all claims of the Plaintiffs, which include the minor's claim for the wrongful death of her father, Shirley Leon's claim as administratrix of the Estate of Daniel Leon for economic loss and Shirley Leon's claim for the wrongful death of her husband.

8. Shirley Leon requests that the Court approve distribution to the minor from the settlement of a lump sum of $150,000.00 to be invested on her behalf by the guardian as more fully set forth in the proposed order.

9. The balance of the lump sum settlement, $850,000.00, shall be distributed to Shirley Leon in settlement of all claims to her personally and on behalf of the estate. The amounts due for attorneys fees and for reimbursement of costs and expenses will be paid by Shirley Leon from the amount distributed to her.

10. In consideration for the settlement, the minor, by the guardian to be appointed for her by this Court, will be required to execute a General Release in favor of the Defendants.

11. The minor was not involved in the motor vehicle accident and, therefore, there are no outstanding medical expenses. To date, the minor has no expenses for counselling nor are any such expenses anticipated.

12. Shirley Leon consents to the appointment of the Clerk of the United States District Court for the District of Delaware as her agent for acceptance of service of process, if by reason of her absence from the state, she cannot be served.

WHEREFORE, Shirley Leon requests that the Court order the following:

(a) that the Court appoint her as guardian of the minor and that on her behalf, Mrs. Leon be authorized to execute General Releases for the above-described settlement;

(b) that the Court permit the guardian to authorize her attorneys Joseph W. Benson, P.A. to sign a Stipulation of Dismissal with prejudice terminating the District Court litigation;

(c) that the guardian be empowered to accept on behalf of the minor, a lump sum settlement of her claim in the amount of $150,000.00 with no deductions for attorneys fees, costs, or expenses;

(d) that the Court authorize the guardian to deposit the lump sum of $150,000.00 in an account with Wheat First Butcher Singer, 920 East Baltimore Pike, Kennett Square, Pennsylvania 19348 in a mutual fund investment account to be opened in the name of "Shirley

terminating the District Court litigation which includes the minor's claim.

4. The amount received by the minor shall be a apportioned 20% as pecuniary/economic loss and 80% as other wrongful death damages pursuant to 10 Del. C. § 3724.

5. Wheat First Butcher Singer, 920 East Baltimore Pike, Kennett Square, Pennsylvania 19348 is to receive on behalf of Rena Leon the proceeds from the settlement of the matter captioned above to be placed immediately in a guardianship account for the minor which shall be titled in the name of "Shirley Leon as Guardian of Rena Leon, a Minor, WITHDRAWALS AUTHORIZED ONLY PURSUANT TO COURT ORDER." The funds shall be invested in mutual funds in accordance with a plan submitted by Albert L. Fierro, Jr., AAMS of Wheat First Butcher Singer. An illustration of the investment proposal prepared by Mr. Fierro for Rena Leon is attached to this order. However, nothing contained in this order shall prohibit the transfer of funds within the investment account to other or different mutual funds in order to best take advantage of investment opportunities to produce the largest return for the minor. Nonetheless, no funds may be withdrawn from the investment account except upon Court order. Withdrawal by Order of the Court shall mean this Court or a Pennsylvania Court of competent jurisdiction.

6. A certified copy of this Order shall be delivered to Wheat First Butcher Singer and a letter from that institution acknowledging the receipt of the certified copy of this Order and the funds in the full amount of $150,000.00 shall be filed with the

Leon as Guardian of Rena Leon, a Minor, Withdrawals Authorized Only Pursuant to Court Order."

                                                JOSEPH W. BENSON, P.A.

                                                _____
                                                JOSEPH W. BENSON

                                                _____
                                                ANDREW G. AHERN III
                                                1701 NORTH MARKET STREET
                                                P.O. BOX 248
                                                WILMINGTON, DE 19899-0248
                                                ATTORNEYS FOR PLAINTIFFS

DATED: _____1/7/97_____

JAN 3 1997

Signed in open
Court
1/30/97

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRLEY LEON, Administratrix of the Estate of DANIEL LEON, SHIRLEY LEON, individually, and as next friend of RENA LEON, <br><br>　　　　　　Plaintiffs, <br><br>　　　v. <br><br>CALVIN VANCE and SENN FREIGHT LINES, INC., <br><br>　　　　　　Defendants. | ) <br> ) <br> ) <br> ) C. A. No. 96-119-JJF <br> ) <br> ) <br> ) FILED <br> ) at____o'clock____M <br> ) <br> ) JAN 17 1997 <br> ) <br> ) JOSEPH J. FARNAN, JR. <br> )  U.S. DISTRICT JUDGE |

## ORDER

THIS 30 day of January 1997, the Motion of Shirley Leon for Appointment of a Guardian and for Approval of a Settlement for the Minor having been presented pursuant to F.R.C.P. 17(c), and it appearing that the distribution of settlement funds to the minor in the amount of $150,000.00 in full and final settlement of the minor's claim as a result of an accident that occurred on or about February 27, 1995, is fair and resonable under the circumstances,

IT IS ORDERED:

1.　Shirley Leon is hereby appointed Guardian of the minor, Rena Leon.

2.　The Guardian is authorized to execute General Releases in favor of Calvin Vance, Senn Freight Lines, Ron Coleman & Associates, Ltd. and Assicurazioni Generali, S.p.A., their respective agents, executors, administrators and assigns.

3.　The Guardian is authorized to allow her attorneys, Joseph W. Benson, P.A., to sign a Stipulation of Dismissal with prejudice

Court as proof of compliance with this Order.

7. The Guardian shall annually submit to this Court on or before December 31st of each year that the guardianship account is maintained for the minor, the annual report provided by Wheat First Butcher Singer which shall include monies received, monies spent, fees charged and an inventory of the assets remaining in the trust account. A final report shall be submitted prior to total distribution of the guardianship assets to Rena Leon.

_____
Joseph J. Farnan, J.

EXHIBIT 2



# FINANCIAL SETTLEMENT SERVICES
## *Providing Structured Solutions*℠

*Financial Settlement Services (FSS) specializes in structured settlement solutions. FSS acts as an advocate to the settlement process, assisting all parties by analyzing a Claimant's financial needs and preparing structured plans to meet those needs.*

*Because settling a Bodily Injury or Worker's Compensation claim is an important decision, FSS has prepared the following information to help you understand the advantages of accepting a structured settlement for your claim.*

### What is a structured settlement?
It is a way of settling a physical injury claim with a plan "structured" to meet your specific needs. A structured plan provides future payments and usually includes cash at settlement to cover immediate needs.

A structure gives you a greater total payout than a lump sum settlement. This happens because payments are made over time and include investment earnings on the funding contract.

As a money management tool, a structure prevents the settlement from being spent too quickly, before your financial needs are met. It gives you the financial security to plan for the future knowing that the structured payments will be there to meet future needs.

### What are examples of future needs a structured plan can meet?
Structures can meet a wide variety of future needs. Here are some examples:
- Full or partial replacement of lost wages
- Continuing medical care and equipment
- Rehabilitation and training
- Funds for children's education
- Supplemental retirement income
- Anticipated special purchases
- Funding for memorials and scholarships

### How is a plan "structured" to meet a Claimant's unique needs?
The key is payment flexibility. A structure can make payments for a stated period or for your life. Checks can be monthly or at other intervals. The plan can have payments that stay the same, or increase to account for inflation. There can also be specified amounts payable on future dates.

### Are there income taxes on structured payments?
Generally, no federal income taxes are due on the amount of each structured settlement payment that covers amounts described in Internal Revenue Section Code 104(a)(2) (See also IRS Revenue Ruling 79-220) relating to personal physical injuries or physical sickness. This tax advantage only applies if a structure is chosen at the time of the claim settlement.

A lump sum settlement of a physical injury claim is not taxed either; however, most investment earnings on the lump sum will be taxable.

### How valuable is this tax advantage?
The chart below shows the value of receiving tax-free structured payments. The chart compares the rate you would have to earn on another investment to equal the Structured Settlement internal rate of return.

| Interest rate required to equal structured rate | | | | |
|---|---|---|---|---|
| Structured Settlement Internal Rate of Return | 15% Tax Bracket | 28% Tax Bracket | 33% Tax Bracket | 35% Tax Bracket |
| 5.00% | 5.88% | 6.94% | 7.46% | 7.69% |
| 6.00% | 7.06% | 8.33% | 8.96% | 9.23% |
| 7.00% | 8.24% | 9.72% | 10.45% | 10.77% |
| 8.00% | 9.41% | 11.11% | 11.94% | 12.31% |

*For example: assume you are in the 28% federal tax bracket and invest a lump sum settlement in a Bank Certificate of Deposit. The CD interest rate would have to be 8.33% to get the same return after taxes are paid as a structure with a 6% internal rate of return. If your state tax is 3% and your local tax is 2% (total tax is now 33%), the CD interest rate would have to be 8.96% to equal a 6% interest rate on a structure.*

### Are structured payments guaranteed?
Structured payments are guaranteed to be paid no matter what happens to interest rates or the stock market.* You do not have to worry about where to invest or reinvest the settlement.

With a lump sum settlement, you must decide how to invest the money. Your investment income may depend upon current or future interest rates or investment instrument results. Some investments offer an attractive initial interest rate but for only a short period and then the rate decreases.

\* Guarantees are subject to the claims-paying ability of the insurer.

### What happens when a structure is accepted?
The Defendant or its Insurer makes a legally binding promise to provide the future structured payments. You agree to accept the structure and any cash at the time of settlement and release the Defendant and its Insurer.



**FINANCIAL SETTLEMENT SERVICES**
*Providing Structured Solutions*℠

To comply with federal tax rules, the settlement agreement says you cannot sell, transfer, assign, mortgage, or convert to a lump sum the right to future structured payments.

When an Assignment is made, it is part of the structured settlement offer. When you accept the structure, you agree to rely on the Assignment Company to make the future payments.

### What is a structured settlement assignment?
Sometimes the defendant or Insurer wants to transfer or "assign" the responsibility to make future structured payments to an Assignment Company. Companies accepting these Assignments specialize in administering structured settlements.

### What is the Rating Advantage?
The substandard annuity provides the injured party with an extremely valuable financial advantage. The substandard or rated age plan can consider the current medical condition of the injured party, even when the injury or physical illness is unrelated to the accident or loss in question.



Premiums Required for Standard and Substandard Annuities to Provide $2,500/Month for Life, Increasing at 4%/Year for 30 Years. Note: Rates and values are subject to change and his chart is for illustrative purposes only

### How is a structure funded?
Most structures are funded with annuity contracts. The Defendant, Insurer or Assignment Company responsible for making the future periodic payments must buy and own the funding contract. This is necessary to assure your payments are tax-free to the extent allowed by the Internal Revenue Code. However, the owner has the payment from the annuity contract sent directly to you.

### Are structured settlements secure?
To assess the security of a structured settlement, you should make sure that the company issuing the funding contract is financially sound. One way to do this for annuities is to look at the ratings given by A.M. Best, Standard & Poor's, Moody's and Fitch. These companies specialize in analyzing the financial strength and dependability of insurance companies. FSS ensures that only companies with an A+ rating or better are offered to you.

In the unlikely event that the funding contract does not pay in full, the Assignment Company must make up any difference if there has been an Assignment. Sometimes, a parent or affiliated company of the Assignment Company guarantees its obligation to make payments in full. If there is no Assignment, the Defendant or Insurer promising the structured payments must make up any shortfall.

FSS can give you more information about the companies issuing the funding contracts and their financial ratings, and about Assignment Companies and their guarantees.

### What happens to the structured payments if the Claimant dies?
Structured plans can have payments guaranteed for life or for fixed periods of time. When a structure is guaranteed for a fixed period, the structure is set up to pay a beneficiary in the event of the Claimant's untimely death. The beneficiary's payments will be tax free as well.

In today's financial uncertainty, structured settlements offer security and the peace of mind knowing the structured payments will be there to meet your future needs.

**Let Financial Settlement Services provide you with the proper structured solution.**

For More Information Please Contact:
Kenneth L. Noce
8877 N. Gainey Center Dr., Scottsdale, AZ 85258
office: 1-800-993-9931 x35
nocek@nationwide.com

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any comments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. To fully assess the tax implications of a structured settlement, each taxpayer should seek advice based on its particular circumstances from its own independent tax advisor.

Annuities Offered Through Nationwide Financial Institution Distributors Agency, Inc. and its affiliates.

"The FSS pillar design" is a registered trademark and "Financial Settlement Services Providing Structured Solutions" is a service mark of Nationwide Mutual Insurance Company".

Copyright © 2006 Financial Settlement Services. All Rights Reserved.                    Updated 3/14/06

Prepared by Kenneth L. Noce of Financial Settlement Services

Today's Date:       March 22, 2007

| | | | |
|---|---|---|---|
| Name: | Wade A. Lubitz | Male | *HT |
| Date of Birth: | September 16, 1992 | Age: | 14 |

### Annual & monthly payments-starting @ 18(Amended-Final)

| Monthly Benefits: | Guaranteed Amount: | Cost: |
|---|---|---|
| $535.00 per month.<br>First payment is 09/16/2010 (age 18).<br>Last payment is 08/16/2015 (age 23).<br>This is 60 guaranteed monthly<br>payments, and then payments stop. | $32,100.00 | $25,235.92 |

| Annual Benefits: | | |
|---|---|---|
| $18,680.00 per year.<br>First payment is 09/16/2010 (age 18).<br>Last payment is 09/16/2014 (age 22).<br>This is 5 guaranteed annual<br>payments, and then payments stop. | $93,400.00 | $74,764.08 |
| **TOTAL STRUCTURE AMOUNT:** | $125,500.00 | $100,000.00 |

The Internal Rate of Return is approximately 4.09%.

---

**This proposal is effective through MARCH 23, 2007. This is the date that the funds for the structure must be at the annuity company or this proposal will expire.**
**This is an illustration, not a contract.**

Prepared by Kenneth L. Noce of Financial Settlement Services

Today's Date: March 13, 2007

| | | |
|---|---|---|
| Name: | Kara A. Lubitz | Female *HT |
| Date of Birth: | December 18, 1994 | Age: 12 |

### Annual & Monthly Payments-starting @ Age 18(FINAL)

| Monthly Benefits: | Guaranteed Amount: | Cost: |
|---|---|---|
| $500.00 per month.<br>First payment is 12/18/2012 (age 18).<br>Last payment is 11/18/2017 (age 23).<br>This is 60 guaranteed monthly payments, and then payments stop. | $30,000.00 | $20,966.71 |

| Annual Benefits: | | |
|---|---|---|
| $22,226.00 per year.<br>First payment is 12/18/2012 (age 18).<br>Last payment is 12/18/2016 (age 22).<br>This is 5 guaranteed annual payments, and then payments stop. | $111,130.00 | $79,033.29 |
| **TOTAL STRUCTURE AMOUNT:** | $141,130.00 | $100,000.00 |

The Internal Rate of Return is approximately 4.47%.

---

**This proposal is effective through MARCH 14, 2007. This is the date that the funds for the structure must be at the annuity company or this proposal will expire.
This is an illustration, not a contract.**

Prepared by Kenneth L. Noce of Financial Settlement Services

Today's Date:      March 13, 2007

Name:              Myles A. Lubitz                              Male    *HT
Date of Birth:     February 12, 1998                            Age:      9

### Annual & Monthly Payments Starting @ age 18(FINAL)

| Monthly Benefits: | Guaranteed Amount: | Cost: |
|---|---|---|
| $600.00 per month. First payment is 02/12/2016 (age 18). Last payment is 01/12/2021 (age 23). This is 60 guaranteed monthly payments, and then payments stop. | $36,000.00 | $21,007.94 |

| Annual Benefits: | | |
|---|---|---|
| $26,575.00 per year. First payment is 02/12/2016 (age 18). Last payment is 02/12/2020 (age 22). This is 5 guaranteed annual payments, and then payments stop. | $132,875.00 | $78,992.06 |
| **TOTAL STRUCTURE AMOUNT:** | $168,875.00 | $100,000.00 |

The Internal Rate of Return is approximately 4.86%.

**This proposal is effective through MARCH 14, 2007. This is the date that the funds for the structure must be at the annuity company or this proposal will expire. This is an illustration, not a contract.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACQUELINE LEILANI LUBITZ, Individually, and in Her Capacities as Surviving Spouse of Scott A. Lubitz, and as Administratrix of the Estate of Scott A. Lubitz, Deceased, and as Guardian Ad Litem and Next Friend of her minor children, W.A.L., K.A.L., and M.A.L., <br><br>        Plaintiffs, <br><br>v. <br><br>NU PHAZE BAR & GRILL, INC., a Delaware Corporation, d/b/a NU PHAZE CLUB and NU PHAZE SOCIAL CLUB, <br><br>        Defendants. | C.A. No. 06-210 *** |

## ORDER

On this _____ day of April, 2007, the Motion of Jacqueline Leilani Lubitz for Appointment of the Guardian and Approval of Minors' Settlement (the "Motion") having been presented pursuant to F.R.C.P. 17(c); and it appearing that the distribution of settlement funds to the minors in the amount of $100,000.00 each, in full and final settlement of each of the minors' claims as a result of their father's death that occurred on or about July 24, 2005, is fair and reasonable under the circumstances,

IT IS SO ORDERED:

    1.    Jacqueline Leilani Lubitz is hereby appointed guardian for the minors, Wade Allen Lubitz, Kara Andrea Lubitz, Miles Andrew Lubitz (the "Guardian").

    2.    The Guardian is authorized to execute general releases in favor of the Defendants, their respective agents, executors, administrators and assigns.

3. The Guardian is authorized to allow her attorney, Timothy E. Lengkeek, Esquire, to sign a Stipulation of Dismissal with Prejudice terminating the District Court litigation, which includes the minors' claims.

4. The Financial Settlement Services, Kenneth L. Noce, 8877 North Gainey Center Drive, Scottsdale, Arizona 85258 is to receive the proceeds from the settlement of this matter as set forth in the Motion. The funds shall be invested in a structured settlement account, with the annual and monthly payments starting at age 18.

_____
Judge Mary Pat Thynge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACQUELINE LEILANI LUBITZ, Individually, And in Her Capacities as Surviving Spouse of Scott A. Lubitz, and as Administratrix of the Estate of Scott A. Lubitz, Deceased, and as Guardian Ad Litem And Next Friend of her minor children, W.A.L., K.A.L., and M.A.L., <br><br> Plaintiffs, <br><br> v. <br><br> NU PHAZE BAR & GRILL, INC., a Delaware Corporation, d/b/a NU PHAZE CLUB and NU PHAZE SOCIAL CLUB, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 06-210 (KAJ) ) ) ) ) ) ) |

## NOTICE OF SERVICE

I hereby certify that I caused copies of Petition for Appointment of Guardian and Approval of Minors' Personal Injury Settlement (Exhibits 1 and 2), Proposed Order, and Notice to be served electronically and by U.S. First Class Mail, postage prepaid on April 11, 2007, on the following attorney:

        NICHOLAS E. SKILES, ESQUIRE
        Swartz Campbell LLC
        300 Delaware Avenue, Suite 1130
        P. O. Box 330
        Wilmington, DE 19899

        */s/ Timothy E. Lengkeek*
        _____
        Ben T. Castle (520)
        Timothy E. Lengkeek (4116)
        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        1000 West Street, 17th Floor
        Wilmington, DE 19899-0391
        (302) 571-6605